J-A27037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CYNTHIA CLIFTON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOANNE BRUSCEMI, | : | |
| | : | |
| Appellant | : | No. 76 WDA 2014 |

Appeal from the Order Entered December 17, 2013,
In the Court of Common Pleas of Allegheny County,
Civil Division, at No. GD 12-24293.

| | | |
|---|---|---|
| CYNTHIA CLIFTON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOANNE BRUSCEMI, | : | |
| | : | |
| Appellee | : | No. 107 WDA 2014 |

Appeal from the Judgment Entered December 17, 2013,
In the Court of Common Pleas of Allegheny County,
Civil Division, at No. GD 12-24293.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

CONCURRING MEMORANDUM BY SHOGAN, J.:    **FILED JANUARY 26, 2015**

I respectfully disagree with the majority that no ambiguity exists in paragraph 4 of the parties' agreement with regard to the second issue of Joanne Bruscemi's appeal.  As the trial court observed, "To be ambiguous, the agreement has to be capable of being understood in more than one

sense." Trial Court Opinion, 2/12/14, at 2 (citing **Hutchinson v. Sunbeam Coal Co.**, 519 A.2d 385, 390 (Pa. 1986)). Here, paragraph 4 of the agreement reads as follows:

> If the relationship of CYNTHIA and JOANNE should terminate, then JOANNE agrees to transfer the residence immediately, upon vacating the property, back to CYNTHIA in exchange for payment by CYNTHIA to JOANNE of 50% of the assessed value of the property at the time of termination less $60,000.

Agreement, 8/30/03, at ¶ 4.

As a mathematical equation, where x is "the assessed value of the property at the time of termination" and p is the "payment by CYNTHIA to JOANNE," the formula in paragraph 4 can be written in two ways:

A. $\frac{1}{2}x - 60,000.00 = p$

B. $\frac{1}{2}(x - 60,000.00) = p$

By way of example, if the assessed value of the property at the time of termination was $100,000.00, Cynthia would owe Joanne -$10,000.00 under formula A, but $20,000.00 under formula B.

After careful review of the entire documentary and testimonial evidence considered by the trial court, however, I conclude that the record supports its findings and that its legal conclusions are without error. Therefore, I concur in the result reached by the majority.